OPINION
The instant appeals emanate from two final judgments of the Chardon Municipal Court. Appellant, Anthony P. Ugrinic, seeks the reversal of his conviction on multiple traffic offenses and one count of underage consumption of alcohol.
On April 5, 1998, an officer of the Chester Township Police Department stopped appellant's motor vehicle as he was proceeding west on Route 322 in Geauga County, Ohio. Based upon the observations made by the officer both before and after the stop, appellant was cited for the following offenses: (1) driving while under the influence of alcohol, under R.C. 4511.19(A)(1); (2) driving with a blood-alcohol concentration of more than .10, under R.C. 4511.19(A)(3); (3) failing to drive within the right-hand lane of the road, under R.C. 4511.25(A); and (4) underage consumption of alcohol, under R.C. 4301.632.
After entering an initial plea of not guilty to all four charges, appellant moved the trial court to suppress the evidence which had been obtained during the traffic stop. As the primary basis for the motion, appellant asserted that the stop of his vehicle had not been predicated upon a reasonable suspicion of criminal behavior. Upon conducting an evidentiary hearing on the matter, the trial court rendered a judgment denying the motion to suppress.
Following the denial of his motion, appellant changed his plea to no contest as to all four charges. After dismissing the "right-hand lane" charge, the trial court found appellant guilty of the three remaining charges. In relation to the two "drunk driving" charges, the court then fined appellant $500, placed him on probation for two years, and suspended eighty-seven days of a ninety-day jail term. In relation to the underage consumption charge, the court fined him $250, placed him on probation for two years, and suspended every day of a ninety-day jail term.
In now appealing his conviction, appellant has raised a single assignment of error for our consideration. Under this assignment, appellant submits that his suppression motion should have been granted because the evidence presented at the hearing showed that: (1) he had not engaged in sufficient erratic driving to warrant a stop on the basis of a reasonable suspicion of drunk driving; and (2) the officer had not based the stop upon any alleged "right-hand lane" violation.
Upon reviewing the record before us in the instant appeal, this court concludes that the merits of appellant's argument cannot be properly addressed because appellant has failed to provide an acceptable transcript of the suppression hearing. Specifically, we would note that the record before us only contains a videotape of the hearing.
Pursuant to App.R. 9(A), a videotape recording of a proceeding can constitute the "transcript" for purposes of filing the record with the appellate court. However, this rule further provides that when a videotape is used in lieu of a written transcript, the attorney is required to attach to his appellate brief a printed copy of those portions of the videotape which are pertinent to the issues before the appellate court.
In applying App.R. 9(A), this court has held that the merits of a "factually-based" question cannot be reviewed when the requirement of a printed copy of the transcript has not been satisfied. State v. Krohn (Oct. 18, 1996), Geauga App. No. 96-G-1970, unreported, at 3. Stated differently, in the absence of the printed copy, an appeal will be considered in the same manner as if no transcript at all is filed; i.e., the presumption concerning the regularity of the trial proceedings will be applied and the judgment of the trial court will be affirmed. See Statev. Beatty (Nov. 24, 1995), Geauga App. No. 94-G-1885, unreported, at 5.
Furthermore, our review of the relevant case law shows that we have followed the foregoing logic in instances in which a criminal defendant has sought to challenge the denial of a motion to suppress. In State v. Angus (Sept. 30, 1992), Geauga App. No. 91-G-1676, unreported, the printed copy attached to the appellate brief only set forth a portion of the testimony given during the suppression hearing. In concluding that the printed copy was insufficient, we stated:
 "The transcript requirement of App.R. 9(B) has been applied in cases in which the appellant seeks to contest the conclusion that the facts supported a finding of probable cause to arrest for drunk driving. State v. Hintz (Apr. 5, 1985), Lucas App. No. L-84-377, unreported. The logic behind this holding is manifest. Even though the ultimate finding of probable cause is a legal question, an appellate court must be able [to] review the factual basis of the finding. The distinction between this type of factual question and a manifest weight question, has been stated in the following manner:
 "`Because there is a presumption of regularity in the determinations of a trial court in the absence of a showing to the contrary and, in such case, stated in another sense, an associated presumption that the evidence adduced will support the trial court's judgment, it is basic to appellate law that a trial court's judgment will not be reversed on appeal as being against the weight of the evidence unless all of the evidence is provided to the appellate court for review. Likewise, in the circumstances here, it cannot be determined whether the judgment is contrary to law because the evidence that was provided to us in the partial transcript of proceedings is not conclusive on the issues raised.' Robinson v. McDougal (Aug. 13, 1990), Paulding App. No. 11-89-7, unreported, at 5. (Emphasis added.)
 "Although the instant case involves excerpts from a videotape recording, the court concludes that the general rules governing a written transcript under App.R. 9(B) are still applicable. Without a complete restatement of the arresting officer's testimony, we cannot properly review the factual basis of the trial court's finding. * * *" Id. at 3-4.
In the present appeals, our review of appellant's brief shows that he has failed to attach a printed statement of the testimony submitted during the suppression hearing. As a result, we cannot properly review the merits of the trial court's suppression ruling because we cannot determine the factual basis upon which that ruling was predicated. In turn, as we must presume that the ruling was supported by the evidence, appellant's sole assignment is without merit because he cannot demonstrate that any error occurred at the trial level.
The judgment of the trial court is affirmed.
 _______________________________ JUDGE JOSEPH E. O'NEILL, Ret., Seventh Appellate District, sitting by assignment.
CHRISTLEY, P.J., and O'NEILL, J., concur.
 CONCURRING OPINION